IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAMES EARL NUNLEY, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | NO. CIV-23-0640-HE |
| | ) | |
| WARDEN GOLDEY, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Petitioner James Earl Nunley, Jr. filed a § 2241 habeas petition arguing that the United States did not have jurisdiction to convict him of being a felon in possession of a firearm because 18 U.S.C. § 922(g)(1) unconstitutionally violates the First Amendment of the Constitution. He also argues that 28 U.S.C. §§ 2255 and 2241 are unconstitutional because they create a barrier preventing individuals from petitioning the government to challenge the restriction on felons possessing firearms. Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), the matter was referred to Magistrate Judge Suzanne Mitchell for initial proceedings. Judge Mitchell has now issued a Report and Recommendation recommending that the petition be dismissed. Petitioner has objected to the Report triggering *de novo* review of matters to which objection has been raised.

The report properly notes that federal prisoners attacking their conviction and sentence must ordinarily proceed by filing a § 2255 habeas petition with their sentencing court. Section 2241 petitions generally attack the conditions of confinement. Section 2255(e)'s saving clause does permit a prisoner to utilize § 2241, however, if the prisoner

is unable to seek § 2255 relief from the sentencing court. No such circumstance exists in this case. Therefore, the Report appropriately recommends the dismissal of the petition.

Petitioner objects reiterating his argument that §§ 2255 and 2241 were improperly enacted in violation of the First Amendment. Relying on <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966), petitioner contends that the "'savings clause' however is irrelevant and the magistrate court is not able to circumvent the First Amendment by any Rule or Legislation of Congress." The court is unpersuaded by petitioner's argument and concludes that §§ 2255 and 2241 do not create an unlawful barrier to his right to petition the government. The court is also unpersuaded by petitioner's underlying substantive argument that 18 U.S.C. § 922(g)(1) is unconstitutional. Nothing in any Supreme Court opinion has "cast doubt on longstanding prohibitions on the possession of firearms by felons . . . ." <u>District of Columbia v. Heller</u>, 554 U.S. 570, 626 (2008).

Because petitioner has not shown that he may challenge his conviction and sentence under § 2241, the Report and Recommendation [Doc. #7] is **ADOPTED**. The petition is **DISMISSED**. Further, the court concludes that a certificate of appealability should not issue because petitioner has failed to demonstrate a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

Dated this 18th day of September, 2023.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE